## TRAMMELL AND McCARTY v. GORDON.

1. A wager on the Presidential election, consummated by the execution of a deed for a tract of land by G. to T. and the execution by the latter, to the former of promissory notes, for the value of the land, promising to pay when James K. Polk was elected President of the United States, is forbidden by law, and both the deed conveying the land, and the notes are void. On the one hand, no recovery can be had on the notes, and on the other, the land may be recovered by the appropriate action.

Error to the Circuit Court of Dale.

ASSUMPSIT by the defendant in error, against the plaintiffs in error, and one Simmons, on two promissory notes of the following tenor :

$920. When James K. Polk is elected President of the United States, we, or either of us, promise to pay Alexander C. Gordon, the sum of nine hundred and twenty dollars, for value received, this 9th October, 1844.

M. C. TRAMMEL,

PHILIP McCARTY,

E. H. SIMMONS.

The writ was not executed upon Simmons, and as to him the suit was discontinued. Upon the trial of the cause, as appears from a bill of exceptions, it was proved that the note above described, and another of the same amount, were executed by the defendants, and at the same time the plaintiff executed to M. C. Trammel, a deed to a tract of land in Henry county, which was proved to be worth in cash $1760, and that nothing was to be paid for the land in the event Mr. Polk was not elected President of the United States. Trammel appointed an agent, and instructed him to rent out the land, and after the election of Mr. Polk, offered to rescind the contract. McCarty signed the notes as surety of Trammel. The court excluded these notes from the jury as illegal and void. But other proof being made, showing that the notes

contained the real consideration of the contract, the court charged, that if they belived Gordon had made a deed of his land to Trammel, without intending it as a gift, and had received no pay for it, he would be entitled to recover from the person the value of the land, at the time of the sale.

The counsel for defendant moved the court to charge, that the deed from Gordon to Trammel was void. That if the consideration of the note was as above stated it was in law a wager, and the plaintiff could not recover; and further, that upon the proof there could be no recovery upon the common counts. Also, that there could be no recovery against McCarty, upon the evidence; which charge the court gave, but also instructed the jury, that if there was any agreement in writing by him, subsequent to the purchase, they might find against him. To which the defendants excepted, and which they now assign as error.

BELSER, SAYRE and BUFORD, for plaintiff in error.

1. The agreement is a wager, void at common law because against sound policy. [See Bunn v. Richer, 4 John. 425; Lansing v. Lansing, 8 John. 354; Bush v. Reeler, 5 Wend. Tindall v. Childress, 2 Stew. & Por. 250; Givens v. Rogers, at this term.] Wagers on elections are void by statute also. [See Clay's Dig. 435, § 23; Chitty on Con. 695; Story Con. 128, § 200.]

2. But if not a wager, it is an illegal contract, which will not be enforced. [See Wheeler on Russell, 17 Mass. 258; 13 Pick. 521; Bunn v. Richer, 4 Johns. 425; Givens v. Rogers at this term.]

3. Courts will not aid either party in enforcing such a contract, be it executed or executory; or in recovering back that which may have passed under it. [See McGehee v. Lindsay, 6 Ala. R. 16; O'Donnell v. Sweeny, 5 Ala. 467; Black v. Oliver, 1 Ib. 449; Shippey v. Eastwood, 9 Ala. 198.]

4. The *true* test in such a case is, whether any aid is required from the *illegal* transaction to establish the case. [See Swan v. Scott, 11 Serg. & R. 164; Armstrong v. Tyler, 11 Wheaton, 258.]

5. The note sued on, and the deed executed, are parts of

83

the same illegal transaction. [See Sewal v. Henry, 9 Ala. R. 24; Clay's Dig. 257, § 1; 434, § 17.]

6. A recovery cannot be had on an *implied* contract, where an express one is proved, while unrescinded. [7 Mass. 107; Story on Con. 6, 7.]

7. Without the *aid* of the deed, the case is within the statute of frauds. No contract for the sale of land under that statute can be implied from circumstances. [Chitty on Con. 305; Blood v. Hardy, 3 Shepley, 305.]

8. McCarty received no consideration from which a promise to pay could be *implied*. [Givens v. Rogers, at this term.]

J. COCHRAN, contra.

Gordon sold to Trammel a tract of land, made T. a deed, and took T. and McCarty's notes for the land, payable when Polk should be elected President of the United States. Polk was elected, and Gordon sued T. and M. on the notes with common counts in his declaration. G. proved that T. had appointed an agent to manage the land for him.

The court charged the jury, that the notes were void. But if they believed from the evidence, that Trammel had bought Gordon's land, and that McCarty had induced Gordon to sell to Trammel, or that M. was a party to the purchase, then Gordon had a right to recover from the defendants, as much for the land as it was proved to be worth. The charge of the court is assigned as error.

The deed to Trammell from Gordon is valid; it is not made on any of the considerations mentioned in Clay's Dig. 257. This deed was not given for money lost or loaned, as provided by statute. If the deed is good, Gordon is entitled under the common counts, to recover its value. Because to establish his claim, Gordon did not have to prove an illegal transaction. He, G., could recover by producing the deed, and showing that T. went into possession, and that M. was a party to the purchase.

Again: The plaintiff may recover upon actions arising out of illegal transactions, which are *malum prohibitum* only. Unless it be directly upon the contracts, in which case he is

precluded. [Ex parte Bulmer, 13 Ves. jr. 213 ; see also, Holloway v. Lowe, 7 Porter, 488.]

ORMOND, J.—The case of Givens v. Rogers, et al. decided at the present term, is fully in point as to the illegality of this contract, and also that there could be no recovery against the surety, if a promise could be implied, upon the refusal of the principal to deliver up the subject of the wager, as against him, and that the suit being against both, upon a joint promise, the recovery must be against all or none.

In that case, the subject of the wager was a wagon and harness ; in this it is a tract of land, for which a deed was executed to one of the defendants, at the time the notes were made, here sought to be enforced. Whatever may be the right of the winner, to recover the value of a chattel, which the loser refusing to pay his bet, withholds, it is manifest there can be no recovery upon an implied contract for the sale of land in a court of law, which is not in writing. But that opposes no obstacle to a recovery of the land in this case, if withheld from the true owner. The act of 1807 makes all conveyances founded on such a consideration as this, absolutely void. After enumerating a number of games, the act declares that all notes, bills, bonds, conveyances, &c. the consideration of which is money, or other valuable thing, laid or betted at any of the enumerated games, "or on any wager whatever," shall be utterly void, and of no effect, to all intents and purposes whatsoever, (Clay's Dig. 257, § 1,) and this being a wager, expressly prohibited by law, is within the precise terms of the statute.

The deed, therefore, which was executed in this case, being void, the real owner may recover the land by an action of ejectment, or trespass to try title.

From this it results, that the court erred in its charge to the jury, and its judgment must be reversed, and the cause will not be remanded unless desired.